IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA JACKSON, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | CV-07-BE-1238-S |
| | ] | |
| SARA LEE BAKERY GROUP, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OPINION

On December 16, 2009, Magistrate Judge Paul Greene filed his Findings and Recommendation (doc. 83) as to Defendant's Motion for Summary Judgment (doc. 34), which had been fully briefed by both sides. In a very detailed and meticulous seventy-five-page opinion Judge Greene recommended that the motion be granted in its entirety. Because the parties had not consented to the exercise of final jurisdiction by the magistrate judge under 28 U.S.C. § 636(c), the case was reassigned to the undersigned judge.

On January 11, 2010, Plaintiff filed objections to the magistrate's report and recommendation (doc. 85). This judge has undertaken an extensive review of the seventy-five-page opinion, plus the briefs and evidentiary submissions by both parties, as well as Plaintiff's objections and Defendant's response. In so doing, the court concludes that Judge Greene afforded appropriate deference to the factual allegations, viewing them in the light most favorable to the Plaintiff as the non-moving party. Where the parties presented different versions of the facts, Judge Greene applied the Plaintiff's version, except where established facts refuted the Plaintiff's unsupported allegations. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). ("When

opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of facts for the purpose of ruling on a motion for summary judgment.")

In more than one instance, where Plaintiff's proof fell short on her *prima facie* case, Judge Greene gave that to her[1], then evaluated all the positions for which she applied and the Defendant's reasons for rejecting her and found valid reasons with no evidence of pretext.  Judge Greene applied the proper legal standard in evaluating Plaintiff's claims as arising from a reduction in force or alternatively from a straight dismissal.  He also evaluated her qualifications for every job for which she applied and examined the qualifications of the comparator ultimately selected for that position.  The court agrees with his analysis and conclusions that as to each position the Defendant articulated legitimate business reasons for selecting someone other than Plaintiff and that Plaintiff failed to raise a question of pretext.

For example, Plaintiff argues that Judge Greene erred when he determined that Plaintiff did not prove that Daudelin was the actual decision maker.  (Doc. 85 at 6).  Judge Greene found that unrefuted evidence demonstrated that Daudelin was not involved in the decision to eliminate the Plaintiff's position; instead, the decisions about restructuring were made by Human Resources Director Bobby Snyder, Vice President of Human Resources Cindy Donata, and Vice President-Alternative Distribution John Shepard.  (Doc. 83, pp 11-13).  Daudelin was not

---

[1] E.g., although Plaintiff presented little evidence to establish FMLA eligibility, Judge Greene assumed without deciding that she was eligible under FMLA when she took her second short term leave of absence in December 2005.  In evaluating her FMLA retaliation claim, Judge Greene then correctly found that the decision to eliminate Plaintiff's position occurred in April 2005 – 9 months before her second short term leave of absence.  Thus, her termination could not have been retaliatory.  Judge Greene's extensive analysis of her failure to rehire claim under Title VII applied equally to any claim of retaliation in refusal to rehire.

involved in the restructuring decisions, and in fact disagreed with the elimination of Plaintiff's position. (Doc. 83, pp 14, 17-18). No evidence suggested that Daudelin made the decision to eliminate Plaintiff's position so his comments concerning her illness could not be material to any claim as to her termination. *See Evans v. McClain of Ga. Inc.*, 131 F.3d 957, 962 (11th Cir. 1997) (Discriminatory comments by a nondecision maker cannot establish a discriminatory motive.)

However, Daudelin was one of the decision makers concerning the administrative assistant position about which Plaintiff asked (doc. 83, p. 34) so that his comments would be relevant. Judge Greene than evaluated the reasons Defendant presented for not awarding that position to the Plaintiff – it was a nonexempt, non-salaried position and she had demonstrated poor clerical skills – and found that Plaintiff failed to show those reasons were a pretext. (Doc. 83, pp. 53-55). Plaintiff's evidence failed to raise a genuine issue of material fact to question the truth of those reasons such that "a reasonable factfinder could find them unworthy of credence." *Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004).

The same is true for the other generalized objections raised by the Plaintiff. At first blush, the fact that the Plaintiff was terminated while battling cancer does raise questions. However, more than suspicion must be shown to create a genuine issue of material fact to defeat a motion for summary judgment. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (stating that to defeat summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."). The Plaintiff's evidence simply fell short of refuting the substantial evidence presented by the Defendant of its legitimate business reasons for eliminating the Plaintiff's position and for failing to rehire her. The court cannot sit as a super personnel board, second guessing an employer's

legitimate business decisions.  *See Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) (Federal courts are not super-personnel departments.) (Quoting *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359, 1365 (7th Cir. 1988)).

In short, Plaintiff's objections are not well taken and the report and recommendation is due to be accepted.  By separate order, the court will grant summary judgment for Defendant on all claims.

DONE and ORDERED this 31st day of March 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE